138 July 1, 2026 No. 605

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

TRAVIS A. WATERMAN,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Lane County Circuit Court
20CV28892; A181999

Erin A. Fennerty, Judge.

Submitted April 1, 2025.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Petitioner appeals a judgment denying his claim for post-conviction relief from a judgment revoking his probation. Petitioner's probation was revoked for failing to report to and abide by the direction of his probation officer. Petitioner had argued that the probation-revocation court should not revoke his probation based on his recent mental health crisis and that, with new medications, he was now able to engage with supervision. In his claim for post-conviction relief, petitioner alleged that his probation-revocation counsel provided inadequate and ineffective assistance under Article I, section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution for failing to investigate and present medical records or expert opinion in support of his mental health crisis argument. The post-conviction court denied relief, concluding that petitioner had not shown that trial counsel was ineffective or inadequate or that petitioner suffered prejudice as a result. On appeal, petitioner largely reprises the arguments he made to the post-conviction court. We conclude that, even if trial counsel was ineffective or inadequate in the manner argued by petitioner, petitioner failed to demonstrate prejudice. As a result, the post-conviction court did not err in denying petitioner's claim for post-conviction relief, and we affirm.[1]

A criminal defendant has the right to adequate and effective assistance of counsel under Article I, section 11, and the Sixth Amendment. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A violation of those rights entitles a petitioner to post-conviction relief. ORS 138.530(1)(a). Under the Oregon Constitution, a petitioner must establish by a preponderance of the evidence that "counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result of counsel's inadequacy." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017). "A functionally equivalent two-element standard governs

---

[1] The state provides that petitioner has completed his revocation sentence, but that it does not seek to dismiss the appeal as moot, based on *Gwynne v. Myers*, 331 Or App 561, 546 P3d 918, *rev den*, 372 Or 763 (2024). In that case, we noted that, "[i]n view of the effect a grant of relief would have on petitioner's ability to pursue a malpractice claim under established Oregon law, the court denied the motion to dismiss on the ground that the superintendent had not met her burden of demonstrating mootness." *Id.* at 563 n 1.

petitioner's claim of ineffective assistance of counsel under the Sixth Amendment." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023). When the post-conviction court denies relief on a claim of inadequate or ineffective assistance of counsel, we review for errors of law, and we are bound by the post-conviction court's express and implied findings that are supported by the record. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015).

On appeal, petitioner asserts that trial counsel was inadequate and ineffective for failing to properly investigate petitioner's mental health and present evidence in support of his argument that petitioner's failure to comply with probation was due to his mental health crisis. Petitioner argues that he was prejudiced by trial counsel's ineffective assistance because the medical records would have showed the severity of his crisis and explained why he had no desire to comply with probation and that the trial court could have chosen to not revoke probation based on that more persuasive evidence.

In this case, having considered the parties' arguments, and relying on the findings of the post-conviction court, we conclude that the court did not err in denying post-conviction relief. Even assuming trial counsel's performance was ineffective or inadequate, we conclude that petitioner failed to demonstrate prejudice. To establish prejudice for purposes of Article I, section 11, and the Sixth Amendment, a petitioner must show that counsel's deficiency "could have tended to affect the outcome of the case." *Green*, 357 Or at 323 (internal quotation marks and emphasis omitted). "That standard is met if there is 'more than a mere possibility' that the outcome of the proceeding could have been different if counsel's performance was not deficient." *Gwynne v. Myers*, 331 Or App 561, 567, 546 P3d 918, *rev den*, 372 Or 763 (2024) (quoting *Pike v. Cain*, 303 Or App 624, 634, 465 P3d 277, *rev den*, 367 Or 75 (2020) (internal quotation marks omitted)). "The question is 'whether the omitted information is the type that could have affected the outcome if presented to an objective, reasonable factfinder.'" *Id.* at 568 (quoting *Pike*, 303 Or App at 636).

We first note that, in the probation-revocation hearing, petitioner never disputed that he violated his probation;

rather, petitioner's argument was for sanction mitigation based on his recent mental health crisis and his improved ability after treatment to comply with supervision. As support for that argument, the trial court had evidence of petitioner's mental health crisis and hospitalization, through the testimony of both petitioner and his probation officer. It also had petitioner's testimony of his increasing mental health symptoms and diagnoses, along with his testimony that he had improved with his new medication. The court had the opportunity to observe petitioner's ability to respond to questioning and credited that petitioner had been experiencing recent mental health challenges in its ruling. Based on those observations, we are unpersuaded that the additional evidence of petitioner's mental state that petitioner proffered at the post-conviction hearing could have meaningfully added to the evidence already before the court. We also observe that the proffered evidence included observations about petitioner's mental health that likely would have cut against, or at least would not have assisted, petitioner's arguments.

Additionally, the trial court's probation-revocation ruling was based on its finding that petitioner had no desire to comply with probation on the probation department's terms. There was evidence that petitioner held the belief, since before his mental health crisis, that he should not be on full supervision and that his probation should be complete.

On this record, we conclude that the omitted information—medical records and psychological evaluation—is not of a type that could have affected the outcome of the probation-revocation hearing. In so concluding, we reject petitioner's suggestion that the post-conviction court applied an incorrect prejudice standard. Viewing the court's ruling in its entirety, the court articulated and applied the correct standard. As a result, the post-conviction court did not err in denying petitioner's claim for post-conviction relief.

Affirmed.